## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SCHOFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12CV28 NAB |
| | ) | |
| ROY HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of Timothy Schofield (registration no. 525613), an inmate at Tipton Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.51. <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.   After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $147.56, and an average monthly balance of $13.74.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $29.51, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

-2-

(1992).   An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Roy Hokins, a correctional officer at Moberly Correctional Center ("MCC").  Plaintiff alleges that another inmate, Christopher Eaton, blamed him for being terminated from a laundry job, and plaintiff claims that Eaton threatened to kill him as a result.  Plaintiff asserts that he reported the threats to defendant.

About a week later, says plaintiff, correctional officer Ferguson allowed Eaton into the laundry area where plaintiff was working.  Plaintiff alleges that Eaton attacked him from behind, and plaintiff claims that Eaton then brutalized him and poured chemicals into his mouth.  Plaintiff seeks to hold defendant and Ferguson responsible for the assault, on the basis that they failed to adequately protect him.  According to the exhibits attached to the complaint, correctional officers intervened promptly after the assault occurred and plaintiff was given medical attention.

## Discussion

"To prevail in a suit under 42 U.S.C. § 1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate 'must show something more than mere inadvertence or negligence. He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates.'" Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quoting Miller v. Solem, 728 F.2d 1020, 1025 (8th Cir. 1984)); see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (deliberate indifference limited to intentional, knowing, or recklessness in the criminal law context which requires actual knowledge of a serious risk). "To establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Andrews, 929 F.2d at 1330. Showing "pervasive risk of harm" "requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures. In every case, a 'pervasive risk' is *something more than a single incident*

and something less than a riot." <u>Falls v. Nesbitt</u>, 966 F.2d 375, 378 (8th Cir. 1992) (emphasis added).

In this action, plaintiff complains of a single incident of violence, which is insufficient to state a claim under § 1983 for failure to protect.  Moreover, the allegations in the complaint go to defendant's negligence and fail to allege facts that might show the requisite subjective intent.  As a result, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $29.51 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

-5-

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>26th</u> day of April, 2012.


                              /s/Jean C. Hamilton
                              JEAN C. HAMILTON
                              UNITED STATES DISTRICT JUDGE